**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SHANE L. HILL**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 25-888**

**GERALD A. TURLICH, JR., ET AL.**                   **SECTION "H"(1)**

## PARTIAL REPORT AND RECOMMENDATION

Shane Hill, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil rights case pursuant to 42 U.S.C. § 1983. Hill sued Sheriff Gerald A. Turlich, Jr., Warden Denise Narcisse, and Correctional Food Service. Hill claims that certain policies at the Plaquemines Parish Detention Center violate his constitutional rights under the First, Fourth, and Fourteenth Amendments, the provisions of the Religious Land Use Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000, and state law.[1] With regard to Correctional Food Services, Hill claims that it charges "exponentially higher prices than standard retail prices in the community" in violation of state law.[2] Defendants Sheriff Turlich and Warden Narcisse have filed an answer to the complaint.[3]

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ...
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because Hill is incarcerated, screening is required by 28 U.S.C. § 1915A. That

---

[1] Rec. Doc. 4 at 5–13 .
[2] Id. at 12.
[3] Rec. Doc. 17.

statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[4] 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Hill filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

For the following reasons, even when Hill's complaint is liberally construed,[5] any federal civil rights claim against Correctional Food Services is frivolous and/or fails to state a claim on which relief can be granted.

Hill complains that Correctional Food Services engages in price gouging, charging more than the fair market value of the commissary goods being sold to the inmates. Inmates, however, do not have a constitutional right to reasonable commissary prices. See, e.g., Jones v. Barthelemy, 95 F.3d 53, 1996 WL 460003, at*2 (5th Cir. June 30, 1996) (affirming dismissal of detainee's claim challenging high commissary prices, noting "a condition is not tantamount to punishment merely because it interferes with a detainee's desire to live more comfortably"); McCall v. Keefe

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

Supply Co., 71 F. App'x 779, 780 (10th Cir. 2003) (" 'there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost.' " (quoting French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980)); DeClouette v. Louisiana, No. 11–CV–1211, 2013 WL 5516459, at *2 (W.D. La. Oct. 2, 2013) ("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible."); Boyd v. Lasher, No. 09–7641, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) ("Numerous courts that have considered claims like Boyd's that prices of prison commissary items are too high have held that such allegations fail to state a claim of violation of constitutional rights cognizable under Section 1983."). Without asserting the violation of some constitutional right, Hill's § 1983 claims against Correctional Food Services are frivolous and otherwise fail to state a claim for which relief can be granted. His § 1983 claims against Correctional Food Services should be dismissed.

Hill clearly asserts state law claims against Correctional Food Service. Pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in an action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  This jurisdiction is "a doctrine of discretion," and in so deciding, courts consider "judicial economy, convenience and fairness to litigants," as well as whether "the state issues substantially predominate." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726–27 (1966). Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." Enochs v. Lampasas Cnty., 641 F.3d 155, 161 (5th Cir. 2011) (citing Guzzino v. Felterman, 191 F.3d 588, 595 (5th Cir. 1999)). Thus, the Fifth Circuit recognizes that its "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."

4

Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)); see Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988) (when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); Gibbs, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  The Supreme Court has for nearly half a century cautioned federal courts to avoid "[n]eedless decisions of state law[.]"  Gibbs, 383 U.S. at 726.

The Court has recommended that Hill's § 1983 claims against Correctional Food Services be dismissed as frivolous and/or for failure to state a claim for which relief can be granted.  Thus, there is no basis to maintain § 1983 claims against Correctional Food Services and nothing left to which the state law claims against it are pendent. Considering the statutory provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness, and comity and considering the early stage of this proceeding, the Court should decline to consider such state law claims against the defendant Correctional Food Service, and dismiss those claims without prejudice.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Shane Hill's federal civil rights claims against defendant Correctional Food Service should be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** the Court decline to exercise supplemental jurisdiction over any state law claims against Correctional Food Service under 28 U.S.C. § 1367(c) and that such claims against this defendant be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___29th___ day of April, 2026.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**